**Charles Edward STORM,
Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Warden; et al., Respondents–Appellees.**

**No. 06–55508.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Storm's motion for oral argument and motion for a "change of place of hearing" are denied.

Charles Edward Storm, Susanville, CA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provid-

Attorney General for the State of California, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Charles Edward Storm appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his conviction for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Storm contends that a statement he made implicating himself in his wife's murder was inadmissible because he invoked his right to counsel during a prior interrogation and the police therefore were barred from recontacting him later for questioning. We conclude that it was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, for the California Supreme Court to determine that a break in custody exception to the no-recontact rule applied here. *See* 28 U.S.C. § 2254(d)(1); *see also McNeil v. Wisconsin*, 501 U.S. 171, 176–77, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (explaining that statements resulting from police-initiated contact following a suspect's invocation of the Fifth Amendment right to counsel are presumed involuntary "assuming there has been no break in custody").

ed by 9th Cir. R. 36–3.

Storm also contends that the statement at issue was inadmissible because it was the tainted product of the prior interrogation officers conducted in violation of his Fifth Amendment right to counsel. We conclude that the California Supreme Court's rejection of this contention was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Oregon v. Elstad,* 470 U.S. 298, 307–18, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.